UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JARRED SAUCIER                                              CIVIL ACTION

VERSUS                                                      NO. 25-1455

LOWE'S HOME CENTERS, LLC, et al.                            SECTION: "G"(3)

## ORDER AND REASONS

Before the Court is Plaintiff Jarred Saucier's ("Plaintiff") Motion to Remand.[1] Plaintiff requests that the case be remanded to the Twenty-Fourth Judicial District Court for the Parish of Jefferson.[2] Plaintiff asserts there is not complete diversity amongst the parties to support jurisdiction under 28 U.S.C. § 1332, as Defendant Earl "Doe," now known to be Earl Bartholomew, and Plaintiff are both citizens of Louisiana.[3] Plaintiff also requests that attorney's fees and costs be awarded for the improper removal.[4] Defendant Lowe's Home Centers, LLC ("Lowes") does not oppose the request to remand, but argues that attorney's fees and costs should not be awarded to Plaintiff.[5] Lowes contends that attorney's fees and costs are not warranted because at the time of the removal the petition only identified an unnamed, unserved defendant sued under a fictious name, who Plaintiff purported was a resident of Louisiana.[6]

---

[1] Rec. Doc. 6.

[2] Rec. Doc. 6-1.

[3] *Id.* at 2.

[4] *Id.* at 14.

[5] Rec. Doc. 9 at 1.

[6] *Id.*

1

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[7] The Fifth Circuit has made clear that "a district court is not divested of jurisdiction to award attorney's fees and costs pursuant to Section 1447(c) after a remand has been certified."[8] The decision to award attorney's fees under Section 1447(c) is within the sound discretion of the Court.[9] The "mere determination that removal was improper" does not automatically entitle a plaintiff to an award of fees.[10] Rather, in the absence of "unusual circumstances," this Court may award attorney's fees under Section 1447(c) where "the removing party lacks an objectively reasonable basis for seeking removal."[11]

Plaintiff has not demonstrated that attorney's fees are warranted in this case. At the time of removal, the petition only identified an unnamed, unserved defendant sued under a fictious name, who Plaintiff purported was a resident of Louisiana. Pursuant to 28 U.S.C. § 1441(b)(1), "[i]n determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." Therefore, Plaintiff has not shown that Lowes lacked an objectively reasonable basis for seeking removal.

---

[7] 28 U.S.C. § 1447(c).

[8] *Coward v. AC & S, Inc.*, 91 F. App'x 919, 922 (5th Cir. 2004).

[9] *Darville v. Tidewater Marine Serv., Inc.*, No. 15-6441, 2016 WL 1402837, at *8 (E.D. La. Apr. 11, 2016) (Brown, J.) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005)).

[10] *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541–42 (5th Cir. 2012) (internal citations omitted).

[11] *Id.* at 542 (internal citations omitted).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand[12] is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** to the extent it requests the case be remanded. The motion is **DENIED** to the extent it requests that costs and attorney's fees be awarded to Plaintiff's counsel.

**IT IS FURTHER ORDERED** that the case is hereby remanded to the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana for further proceedings.

**NEW ORLEANS, LOUISIANA**, this __3rd__ day of September, 2025.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[12] Rec. Doc. 6.